EMMA GEIST *et al.* Appellants, *vs.* KATIE HUFFENDICK *et al.* Appellees.

*Opinion filed February 16, 1916.*

1. WILLS—*when interest of daughters in land is a life estate pur autre vie.* Where one clause of a will provides that at least $5000, and not to exceed $6000, shall be invested in a farm for the testator's two daughters, naming them, "during their natural life," and in case either shall die, her life interest "shall descend in accordance with the laws of Illinois," and the next clause gives the residue of the testator's property to his widow for life and after her death "all said property, real and personal, shall be divided in equal shares among my following children, [naming them, and including the two daughters,] provided, however, that the amount so invested for my two daughters * * * shall be considered an advancement to the value of their interest in said land," the daughters take a life estate *pur autre vie* in the farm so purchased and do not take the fee.

2. JUDGMENTS AND DECREES—*when finding in a decree is not a final adjudication.* The mere finding of a fact in a partition decree without basing any decretal order thereon is not such a final adjudication as will be binding upon the parties when the cause is re-referred to the master in chancery to find the interests of the parties which were not determined by the decree.

APPEAL from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding.

B. G. WAGGONER, (WILLIAMSON, BURROUGHS & RYDER, of counsel,) for appellants.

C. H. BURTON, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellants, Emma Geist and Jessie Huffendick Bartelson, filed their bill for partition against appellees, the surviving children of Henry Huffendick, deceased, in the circuit court of Madison county.

Henry Huffendick died testate in December, 1888, leaving surviving him his wife, Katherine, and his children, Katie, Fred, (or Fritz,) Joseph, Mary, Bernhart and George. Clauses 2 and 3 of his will are as follows:

"2. It is my wish and will that at least five thousand ($5000) dollars, and not to exceed $6000, shall be invested in a good and paying farm for the use and benefit of my two daughters, Katy Huffendick and Mary Huffendick, during their natural life, and in case either of those my two daughters should die, her life interest in said real estate shall descend in accordance with the laws of Illinois. The amount necessary to the purchase of said land shall be taken out of my estate and invested within two years from and after my death.

"3. I leave, give and bequeath to my beloved wife, Katherine Huffendick, the rest of all my property, real and personal, during her lifetime and as long as she remains my widow, and after her death all said property, real and personal, shall be divided in equal shares among my following children, Katy Huffendick, Fritz Huffendick, Joseph Huffendick, Mary Huffendick, Bernhart Huffendick and George Huffendick, provided, however, that the amount so invested for my two daughters, Katy and Mary Huffendick, shall be considered an advancement to the value of their interest in said land."

The widow, Katherine, was appointed executrix, and pursuant to the provision of clause 2 she purchased a farm for the sum of $5500, taking title thereto in her own name.

Joseph died intestate, unmarried and without issue. Bern-
hart intermarried with Jessie Juda and died intestate, leav-
ing his widow but no children or descendants of children
surviving him. George intermarried with Emma Stevens
and died intestate, leaving his widow and one child, who
has since died, surviving him. Katherine, the widow, is
deceased, and Jessie and Emma, who have re-married, filed
this bill for the partition of the real estate so purchased
by Katherine pursuant to the provision of clause 2 of the
will of Henry Huffendick. The cause, by agreement of the
parties, was referred to the master in chancery to take the
proof and report the same, together with his findings on the
question of the construction of the will, all other issues be-
ing reserved until the will should be construed by the court,
at which time, it was provided by the order, the defendants
should have the right to file additional answers to the bill.

Those portions of the will which required construction
are the two clauses hereinabove set out, the controversy be-
ing whether Katie and Mary had a life estate, only, in the
real estate purchased pursuant to the provisions of the will,
or were vested with the fee simple title thereto. The chan-
cellor found and decreed the true intent of the will to be
that at least $5000, and not to exceed $6000, of the tes-
tator's estate should be invested in a farm as an advance-
ment to his daughters, Katie and Mary, and that the daugh-
ters were to take the fee simple title to such farm; that
Katherine Huffendick took a life interest in the remainder
of the estate, and that Katie, Fred and Mary, and Emma
Geist and Jessie Bartelson, are the owners of the residue,
except the farm purchased pursuant to the provisions of
the will for Katie and Mary, the purchase price of which
($5500) is charged to Katie and Mary as an advancement,
and that as Katherine Huffendick, acting as executrix, took
the title to said real estate in herself for the use and bene-
fit of Katie and Mary, the master should convey said real
estate to Katie and Mary in fee simple. Appellants contend

that this construction is improper and does not express the true intent of the will.

By clause 2 the testator specifically provided that a farm should be purchased for the use and benefit of his daughters during their natural lives. If any larger estate was given them in the land directed to be purchased for them it is by virtue of the language used in the remainder of this clause and in clause 3. There is nothing in clause 2 inconsistent with the vesting of a life estate, only, in the two daughters. The language, "in case either of those my two daughters should die, her life interest in said real estate shall descend in accordance with the laws of Illinois," does not have the effect of creating a greater estate than a life estate. Had the testator simply provided that a farm should be purchased for the use and benefit of his two daughters during their natural lives and made no express disposition of the share of the daughter who should die first, each of the daughters would have taken a life estate with a cross-remainder determinable upon the death of both. (*Addicks* v. *Addicks,* 266 Ill. 349.) It was evidently the intention of the testator to prevent the application of this rule and to provide that the heirs-at-law of the daughter dying first should have the use and benefit of one-half the land during the life of the survivor. It is clearly a case of providing for a life estate *pur autre vie,* and the language of the will that the life interest of the daughter first dying "shall descend in accordance with the laws of Illinois," means simply that it should descend or go to the heirs-at-law of such deceased daughter, which was a proper disposition for the testator to make. (*Addicks* v. *Addicks, supra.*) That such was the intent of the testator appears more clearly from the language of clause 3, wherein he provides that after the death of his wife all his property, real and personal, shall be divided in equal shares among his children, naming them, provided that the amount invested for his two daughters "shall be considered an advancement to the value of

their interest in said land." If the testator had by clause 2 devised to his two daughters the fee simple title to the land to be purchased for them, the provision of clause 3 that the amount invested for the daughters should be considered an advancement "to the value of their interest in said land" would be meaningless. The evident intention of the testator was to prefer his two daughters during the lifetime of their mother but at the mother's death to divide his property equally among his children. The two daughters were therefore given life estates in the land to be purchased for them, with the provision that at the death of their mother, and upon the distribution of the estate, the then value of their life estates should be charged against them as an advancement. The court erred in holding that the daughters, Katie and Mary, took the fee simple title to the land purchased for their benefit.

It is complained that the court found erroneously, and evidently through inadvertence, that Bernhart predeceased Joseph, whereas the fact is alleged to be that Joseph died first. Appellants are not prejudiced by this finding in the decree. The court did not fix the interests of the parties but ordered that the cause be re-referred to the master in chancery for that purpose. The mere finding of a fact in the decree without basing any decretal order thereon is not such a final adjudication as would be binding upon appellants, and when the cause is again referred to the master to find the interests of the parties, appellants will have an opportunity to be heard and to have the interests found in accordance with the facts.

The decree of the circuit court is reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*